IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TARVIN JERNARD, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 4:11-CV-17-CDL-MSH |
| | * | 42 U.S.C. § 1983 |
| BRIAN OWENS, *et al.*, | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Plaintiff filed the current action pursuant to 42 U.S.C. § 1983, along with a Motion for Preliminary Injunction. (ECF Nos. 1, 2). In the motion seeking injunctive relief, Plaintiff seeks to enjoin the Defendants from violating his First and Fourteenth Amendment rights by denying him access to a legal manual and "Xerox" copies of legal forms sent to him in the mail. (Pl.'s Mot. for Prelim. Injunct. 17.) For the reasons stated herein, the Plaintiff's motion for preliminary injunction should be denied.

In this circuit there is a four-factor test for determining whether a preliminary injunction should be granted. Specifically, the Eleventh Circuit has held that:

> As the party seeking a preliminary injunction, Plaintiff bears the burden of establishing four elements: (1) that there is a substantial likelihood of success on the merits; (2) that Plaintiff will be irreparably harmed if injunctive relief is denied; (3) that the threatened injury outweighs whatever damage the injunction may cause to the alleged infringer; and, (4) that the injunction, if issued, will not be adverse to the public interest.

*Learning Experience Syst., LLC v. Foxborough Child Care, LLC,* slip copy, 2010 WL 3565712 (11th Cir. 2010); s*ee also Palmer v. Braun*, 287 F.3d 1325, 1329 (11th

Cir.2002); *CBS Broad. Inc. v. EchoStar Commc'n Corp.*, 265 F. 3d 1193, 1200 (11th Cir. 2001). Injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. *Cunningham v. Adams,* 808 F. 2d 815, 821 (11th Cir. 1987). A temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. *Cate v. Oldham*, 707 F. 2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F. 2d 426, 429 (11th Cir. 1982).

A review of Plaintiff's motion reveals that he has failed to establish that the denial of the legal manual and the copies of legal forms from that manual will cause him irreparable damage. As Plaintiff noted in his original grievance regarding these claims, he "is a paralegal and the law library aid for this prison." (Pl.'s Compl., Ex. 2, p. 6.) Thus, he has access to all of the legal materials in the facility. Furthermore, Plaintiff has failed to show that there is a substantial likelihood that he will prevail on the merits. The court will not compel the Defendants to perform an act, in this case to permit him access to certain legal documents already available to him, simply because the Plaintiff desires it. As one Court noted in the context of a preliminary injunction, "prison officials' exercises of discretion should generally be respected, as federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Escobar v. Reid*, 348 F. App'x 387, at **2 (10th Cir. 2009) (citing *Wilson v. Jones*, 430 F. 3d 1113, 1123 (10th Cir. 2005) (quotation omitted)).

Because the Plaintiff has failed to show that irreparable injury will occur without access to the documents he has requested or that there is a substantial likelihood that he

2

will prevail on the merits of his § 1983 claim, he has failed to meet the four-prong test for obtaining injunctive relief. THEREFORE, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for a Preliminary Injunction be DENIED. Pursuant to 28 U.S.C.A. § 636(b)(1), Plaintiff may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

SO RECOMMENDED, this 18th day of April, 2011.

S/ Stephen Hyles                    .
UNITED STATES MAGISTRATE JUDGE