IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TARVIN JERNARD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:11-CV-17-CDL-MSH |
| | * | 42 U.S.C. § 1983 |
| BRIAN OWENS, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

On February 14, 2011, Plaintiff, currently an inmate at the Troup County Correctional Institution in LaGrange, Georgia,[1] filed the above styled Section 1983 action against the Defendants. On June 20, 2011, Defendant Owens filed a Motion to Dismiss. (ECF No. 29.) For the reasons described below, Defendant's motion to dismiss should be granted.

## FACTUAL BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, against Brian Owens, Commissioner of the Georgia Department of Corrections; William W. Adamson, Warden of Muscogee County Prison; Geter Boon, Deputy Warden of Security for Muscogee County Prison; Hiawatha Covington, Deputy Warden of Administration of Muscogee County Prison; and Fernando Richards, Mail Room Officer of Muscogee County Prison. (Compl. 5, ECF No. 1.) In his Complaint, Plaintiff contends that he was

---

[1] Plaintiff notified the Court on September 19, 2011 (ECF No. 53) that he had been transferred from the Muscogee County Correctional Institute to the Troup County Correctional Institute as of September 15, 2011.

unconstitutionally denied access to a "Prisoner Self Help Litigation Manual" he had ordered. (*Id.* at 9.) He further contends that after he was denied access to the manual, he was denied mail which included copies of forms from the manual. (*Id.*) Specifically, Plaintiff alleges that, in denying him access to the manual and the copies, the Defendants deprived him of his "substantive right to reading material secured by the first and fourteenth Amendment(s)." (*Id.* at 17.) He further alleges deprivation of his First and Fourteenth Amendment rights to "receive information and ideas." (*Id.*)

## DISCUSSION

### I. Standard on Motion to Dismiss

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes

a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## II.     Respondeat Superior

Defendant moves the Court to dismiss this action against him under the prevailing authority regarding supervisory responsibility.[2]   Defendant cites *Monell v. Department of Social Services,* 436 U.S. 658, 691-41 (1978) to argue that "supervisory liability, otherwise known as the doctrine of *respondeat superior*, does not apply in § 1983 cases." In *Cottone v. Jenne*, 326 F.3d 1352 (11th Cir. 2003), the Eleventh Circuit addressed the issue of supervisory responsibility in § 1983 cases.  The *Cottone* Court found that:

> It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondent superior or vicarious liability.  Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.  The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.  Alternatively, the causal connection may be established when a supervisor's custom or policy ... result[s] in a deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates would act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.  The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous.

*Cottone,* at 1360 (internal quotation marks and citation omitted).  Thus, in order to establish that a supervisor is liable for the acts of his subordinates, the Plaintiff must allege

---

2 Defendant Owens cites several claims for relief in his Motion to Dismiss which the Court finds no reason to address at this time.

3


that the supervisor personally participated in or somehow caused the constitutional deprivation.

In his original Complaint, Plaintiff made no allegations against Defendant Owens in either of his claims.  (Compl. 17-20.)   Nothing in Plaintiff's pleadings demonstrate that there was any alleged personal participation by Defendant in the acts in question; that Defendant had any causal connection with events related to Plaintiff's case; that Defendant put in place any custom or policy at the prison which has resulted in a violation of Plaintiff's Constitutional rights; or that Defendant even had any knowledge that Plaintiff's manual or copies had been denied to him.  It is not until his response to the motion to dismiss that Plaintiff argues that Defendant Owens should have been aware of the denials based on the grievances Plaintiff submitted to him.  (Pl.'s Resp. 11, ECF No. 35-1.)

The evidence incorporated by reference in Plaintiff's Complaint (*see generally* ECF no. 1-2, pp. 4-11) establishes, however, that the grievances and appeals he filed were not seen or reviewed by Defendant Owens.[3]  The grievances and appeals were each signed by employees of the prison.  There is no evidence in the record, nor any allegation in the Complaint, that Defendant Owens knew or should have known that Plaintiff had been denied the manual or the copies therefrom.  It is therefore recommended that Defendant Owens be granted a dismissal of this action against him because Plaintiff's

---

[3] In a Motion to Dismiss, the Court may consider evidence submitted by Plaintiff along with his Complaint.  *See generally Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

complaint alleges no facts describing how Defendant, either knowingly or by any policy or custom, violated Plaintiff's rights. *See generally Farrow v. West*, 320 F.3d 1235, 1245-46 (11th Cir. 2003).  Plaintiff has failed to state a claim against Defendant Owens.

## CONCLUSION

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss be GRANTED for the foregoing reasons.  Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) days after being served with a copy hereof.

SO Recommended, this 14th day of October, 2011.

<div style="text-align:right">

S/ Stephen Hyles                              .
UNITED STATES MAGISTRATE JUDGE

</div>