IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TARVIN JERNARD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:11-CV-17-CDL-MSH |
| | * | 42 U.S.C. § 1983 |
| BRIAN OWENS, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## NOTIFICATION OF DEFENDANT'S FILING OF SUMMARY JUDGMENT MOTION

Defendants Adamson, Boone, Covington, and Richards have filed a Motion for Summary Judgment, accompanied by a brief and other supporting material. The court is required to adequately advise the Plaintiff of the significance of the Defendants' Motion for Summary Judgment pursuant to *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). Therefore, in an effort to afford the Plaintiff, who is proceeding *pro se*, adequate notice and time to respond to Defendants' motion, the following notice is given.

Rule 56(a) of the Federal Rules of Civil Procedure, addressing Motions for Summary Judgment, provides as follows:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Under the procedures and policies of this court, motions for summary judgment are

normally decided on briefs and supporting documents. The court considers the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The parties may submit their argument to this court by filing briefs in support of or briefs in opposition to said motions.

Additionally, the Middle District of Georgia, under Local Rule 56, requires movants to attach to their motion for summary judgment a "separate and concise statement of the material facts to which the movant contends there is no genuine issue to be tried." The non-movant must then respond "to each of the movant's numbered material facts[, and] [a]ll material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. Local R. 56.

The law provides that the party against whom summary judgment is sought must be given ten (10) days' notice of the summary judgment rules. In addition, the party against whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails and refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law.

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact

exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot simply rely on the pleadings. Rather, in order to establish that a genuine issue of material fact exists, he must respond by filing affidavits, depositions, or other materials to persuade the court that the case must be presented to a jury for resolution. *See Van T. Junkins & Assoc. Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

**FAILURE OF THE PLAINTIFF HEREIN TO RESPOND TO AND REBUT THE STATEMENTS SET FORTH IN THE DEFENDANTS' AFFIDAVITS AND/OR OTHER SWORN PLEADINGS MAY RESULT IN SAID STATEMENTS BEING ACCEPTED AS THE TRUTH.** The court could grant judgment to the Defendants and there would be no trial or further proceedings.

Accordingly, the Plaintiff is **NOTIFIED** of his right to file a response to the Defendants' Motion for Summary Judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure and is **ORDERED AND DIRECTED** to file any such response WITHIN THIRTY (30) DAYS of receipt of this Order. Thereafter, the court will consider the Defendants' Motion for Summary Judgment and any opposition to same filed by the Plaintiff, and issued its decision thereon.

SO ORDERED this 14th day of October, 2011.

S/ Stephen Hyles<br>UNITED STATES MAGISTRATE JUDGE